THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HARD-ING BUILDERS, LLC; VISION | ) | |
| QUALITY HOMEBUILDERS, LLC; | ) | |
| VISION QUALITY HOMES, LLC; | ) | |
| JULIA TALBOT CUSTOM BUILDERS, | ) | |
| INC.; P & D, LLC; WOODS | ) | |
| CONSTRUCTION, INC.; | ) | |
| SUMMERVILLE HOMES, INC.; | ) | |
| FAULT CONSTRUCTORS, INC.; | ) | |
| VENTURE BUILDRES; LLC; | ) | |
| VENTURE BUILDERS INC.; AUBURN | ) | CASE NO. 3:07CV1069 -mef |
| ROAD, LLC; ROGERS | ) | |
| CONSTRUCTION, LLC; DEPPE | ) | |
| CONSTRUCTION, INC.; C.H.L.A., | ) | |
| INC.; DAUGHERTY BUILDERS, INC.; | ) | |
| RAE CONSTRUCTION CO., INC.; | ) | |
| INTERSTATE BUILDERS SERVICES, | ) | |
| INC.; RUSTY NINAS BUILDERS; | ) | |
| TROJAN BUILDERS, LLC; C M | ) | |
| EVANS ENTERPRISES, INC.; | ) | |
| EVANS & ASSOCIATES; BOWDEN- | ) | |
| LITTLETON CONSTRUCTION, INC., | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| VS. | ) | |
|  | ) | |
| THE CITY OF PHENIX CITY, | ) | |
| ALABAMA, a Municipal Corporation, | ) | |
|  | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

**COMES NOW** the Defendant The City of Phenix City, Alabama, an

Alabama municipal corporation and files this Notice of Removal, hereby

removing the case captioned <u>Hard-ing Builders, LLC, et al. v. The City of Phenix City, Alabama, a Municipal Corporation</u> (CV-07-900096) from the Circuit Court of Russell County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division.  As grounds for this removal Defendant states as follows:

1.

The above-entitled action was commenced in the Circuit Court of Russell County, State of Alabama, and is now pending therein.  A copy of the Plaintiffs' Complaint, along with all process, pleadings and orders served on the Defendant, is attached hereto as Exhibit "A".

2.

Defendant was served with said Complaint on November 8, 2007. Therefore the removal of this case to this Court is timely pursuant to 28 U.S.C. Section 1446(a).

3.

This action is one of a civil nature over which the District Court of the United States has original jurisdiction because of the federal questions at issue, pursuant to 28 U.S.C. Section 1331, specifically Plaintiffs' claim that Defendant has violated protections of the Constitution of the United States, and/or 42 U.S.C. Sections 1983.

WHEREFORE PREMISES CONSIDERED, Defendant prays that this Honorable Court take jurisdiction of this cause and issue all necessary orders and process in order to remove the above-referred action from the Circuit Court of Russell County, Alabama to this Court.

This 6th day of December, 2007.

James R. McKoon, Jr., MCK020
Joshua R. McKoon, MCK057
James P. Graham, Jr., GRA030
Attorneys for Defendant

McKoon & Associates
Post Office Box 3220
Phenix City, Alabama 36868-3220
(334) 297-2300
Facsimile (334) 297-2777

The Graham Legal Firm
Post Office Box 3380
Phenix City, AL 36868-3380
(334) 291-0315
Facsimile (334) 291-9136

### *CERTIFICATE OF SERVICE*

I hereby certify that I have served the above and foregoing upon the attorneys of record, by placing a true and correct copy of same, in the United States Mail, postage prepaid and addressed to them, as follows:

G. Lane Knight, Esq.
David R. Boyd, Esq.
Balch & Bingham, LLP
P. O. Box 78
Montgomery, Alabama  36101

OF COUNSEL

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**57-CV-200**<br>Date of Filing:<br>11/06/2007 | ELECTRONICALLY FILED<br>11/6/2007 4:57 PM<br>CV-2007-900096.00<br>CIRCUIT COURT OF<br>RUSSELL COUNTY, ALABAMA<br>KATHY S. COULTER, CLERK |

## GENERAL INFORMATION

**IN THE CIRCUIT OF RUSSELL COUNTY, ALABAMA**

**HARD-ING BUILDERS, LLC ET AL v. THE CITY OF PHENIX CITY, ALABAMA**

EXHIBIT

ALL-STATE LEGAL®

A

**First Plaintiff:** ☑Business ☐Individual ☐Government ☐Other   **First Defendant:** ☐Business ☐Individual ☑Government ☐Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐WDEA - Wrongful Death
☐TONG - Negligence: General
☐TOMV - Negligence: Motor Vehicle
☐TOWA - Wantonnes
☐TOPL - Product Liability/AEMLD
☐TOMM - Malpractice-Medical
☐TOLM - Malpractice-Legal
☐TOOM - Malpractice-Other
☐TBFM - Fraud/Bad Faith/Misrepresentation
☐TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐TOPE - Personal Property
☐TORE - Real Property

**OTHER CIVIL FILINGS**

☐ABAN - Abandoned Automobile
☐ACCT - Account & Nonmortgage
☐APAA - Administrative Agency Appeal
☐ADPA - Administrative Procedure Act
☐ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐CVRT - Civil Rights
☐COND - Condemnation/Eminent Domain/Right-of-Way
☐CTMP-Contempt of Court
☐CONT-Contract/Ejectment/Writ of Seizure
☐TOCN - Conversion
☐EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐CVUD-Eviction Appeal/Unlawfyul Detainer
☐FORJ-Foreign Judgment
☐FORF-Fruits of Crime Forfeiture
☐MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐PFAB-Protection From Abuse
☐FELA-Railroad/Seaman (FELA)
☐RPRO-Real Property
☐WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐COMP-Workers' Compensation
☑CVXX-Miscellaneous Circuit Civil Case

---

**ORIGIN:**   F ☑ **INITIAL FILING**   A ☐ **APPEAL FROM DISTRICT COURT**   O ☐ **OTHER**

R ☐ **REMANDED**   T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**   _____

---

**HAS JURY TRIAL BEEN DEMANDED?**   ☐Yes ☑No

---

**RELIEF REQUESTED:**   ☑MONETARY AWARD REQUESTED ☐NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**  KNI028   11/6/2007 4:56:26 PM   /s GRIFFIN KNIGHT

---

**MEDIATION REQUESTED:**   ☐Yes ☐No ☑Undecided

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>57-CV-2007-900096.00 |
|---|---|---|

### IN THE CIVIL COURT OF RUSSELL, ALABAMA
### HARD-ING BUILDERS, LLC ET AL v. THE CITY OF PHENIX CITY, ALABAMA

**NOTICE TO**  THE CITY OF PHENIX CITY, ALABAMA, C/O H.H. ROBERTS 601 12TH STREET, PHENIX CITY AL, 36867

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY GRIFFIN KNIGHT

WHOSE ADDRESS IS 105 TALLAPOOSA STREET, STE. 200, MONTGOMERY AL, 36104

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____
   pursuant to the Alabama Rules of the Civil Procedure

| 11/6/2007 4:57:35 PM | /s KATHY S. COULTER | |
|---|---|---|
| Date | Clerk/Register | By |

☐ Certified mail is hereby requested   _____
   Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date        Server's Signature



| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>57-CV-2007-900096.00 |
| --- | --- | --- |

### IN THE CIVIL COURT OF RUSSELL, ALABAMA
### HARD-ING BUILDERS, LLC ET AL v. THE CITY OF PHENIX CITY, ALABAMA

THE CITY OF PHENIX CITY, ALABAMA, C/O H.H. ROBERTS 601 12TH STREET, PHENIX CITY AL, 36867

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY GRIFFIN KNIGHT

WHOSE ADDRESS IS 105 TALLAPOOSA STREET, STE. 200, MONTGOMERY AL, 36104

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____
   pursuant to the Alabama Rules of the Civil Procedure

| 11/8/2007 4:57:35 PM | /s KATHY S. COULTER | _Whl_ |
| --- | --- | --- |
| Date | Clerk/Register | By |

☐ Certified mail is hereby requested | _____
                     Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☑ I certify that I personally delivered a copy of the Summons and Complaint to _Charlotte Sierra (Admin Asst.)_
       in _Russell_ _____ County, Alabama on _Nov 8, 2007_

| _Nov. 8, 2007_ |  |
| --- | --- |
| Date | Server's Signature |

### 57-CV-2007-900096.00
HARD-ING BUILDERS, LLC ET AL v. THE CITY OF PHENIX CITY, ALABAMA

| C001 - HARD-ING BUILDERS, LLC | v. | D001 - THE CITY OF PHENIX CITY, ALABAMA |
| --- | --- | --- |
| Plaintiff | | Defendant |

*(stamp, rotated):* RUSSELL COUNTY, AL. CIRCUIT/DIST. CLERK 2007 NOV 13 FILED IN OFFICE PM 3:16

**SERVICE RETURN COPY**

57-CV-900096.00 D001

```
11/07/07              RUSSELL COUNTY SHERIFF'S DEPARTMENT              389
13:47                 Civil Process Service Worksheet        Page:      1

PROCESS:
Process Number : 071100118          Tm/Dt Receivd: 13:45:27 11/07/07
Agency         : RCSO               Court Case No: 57-cv-07-900096
Date Issued    : 11/06/07           Court Code   : RCD1 Copies: 1
Expiration Date: **/**/**           Court Date   : **/**/**
Date Returned  : **/**/**           Judge Name   :


                                vs. CITY OF PHENIX CITY
Plaintiff                           Defendant

PAPERS TO SERVE: Summons

PERSON TO SERVE: CITY OF PHENIX CITY  (Defendant      )
Address      : 601 12TH STREET
City, State, Zp: Phenix City, AL  36867          Phone: (   )  -
Birth Date   : **/**/**             Alert Codes:

OFFICER ASSIGNED: 1st Shift City    Disposition : ACT  Location:

SERVICE REQUIREMENTS:
(none)

SERVICE ATTEMPTS:
Time      Date      Miles    Officer        Misc. Comments


_____    _____    _____   _____     _____

_____    _____    _____   _____     _____

_____    _____    _____   _____     _____

_____    _____    _____   _____     _____

COMPLETED SERVICE:

Time:  1134   Date: 11-08-07   Miles: _____   Officer:  SW

Addr:  601 11th St.                              Location: _____

City:  Phenix City        St: AL   Zip: 36867

Who Served:  c/o Charlotte Sierra      Relationship: Admin. Asst.

Comments: _____

SERVICE FEES:

Received: $        0.00             Service: $ _____

Mileage : $ _____         Other  : $ _____
```



**AlaFile E-Notice**

57-CV-2007-900096.00

Judge: ALBERT L JOHNSON

To:  BOYD DAVID R
     dboyd@balch.com

---

# NOTICE OF SERVICE

---

### IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

### HARD-ING BUILDERS, LLC ET AL V. THE CITY OF PHENIX CITY, ALABAMA
### 57-CV-2007-900096.00

The following matter was served on 11/8/2007

#### D001 THE CITY OF PHENIX CITY, ALA
#### SERVED PERSONALLY

**KATHY S. COULTER**
**CIRCUIT COURT CLERK**
RUSSELL COUNTY, ALABAMA
POST OFFICE BOX 518
PHENIX CITY, AL 36868

334-298-0516
kathy.coulter@alacourt.gov



**AlaFile E-Notice**

57-CV-2007-900096.00

Judge: ALBERT L JOHNSON

To: KNIGHT GRIFFIN LANE
lknight@balch.com

# NOTICE OF SERVICE

**IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA**

**HARD-ING BUILDERS, LLC ET AL V. THE CITY OF PHENIX CITY, ALABAMA**
**57-CV-2007-900096.00**

The following matter was served on 11/8/2007

**D001 THE CITY OF PHENIX CITY, ALA**
**SERVED PERSONALLY**

**KATHY S. COULTER**
**CIRCUIT COURT CLERK**
RUSSELL COUNTY, ALABAMA
POST OFFICE BOX 518
PHENIX CITY, AL 36868

334-298-0516
kathy.coulter@alacourt.gov



ELECTRONICALLY FILED
11/6/2007 4:57 PM
CV-2007-900096.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| HARD-ING BUILDERS, LLC; VISION QUALITY HOMEBUILDERS, LLC; VISION QUALITY HOMES, LLC; JULIA TALBOT CUSTOM BUILDERS, INC.; P & D, LLC; WOODS CONSTRUCTION, INC.; SUMMERVILLE HOMES, INC.; FAULT CONSTRUCTORS, INC.; VENTURE BUILDERS; LLC; VENTURE BUILDERS, INC.; AUBURN ROAD, LLC; ROGERS CONSTRUCTION, LLC; DEPPE CONSTRUCTION, INC; C.H.L.A., INC.; DAUGHERTY BUILDERS, INC.; RAE CONSTRUCTION CO., INC.; INTERSTATE BUILDERS SERVICES, INC.; RUSTY NINAS BUILDERS; TROJAN BUILDERS LLC; C M EVANS ENTERPRISES, INC.; EVANS & ASSOCIATES; BOWDEN-LITTLETON CONSTRUCTION, INC., | * * * * * * * * * * * * * * * * * * * * * * * |
| Plaintiffs, | * * |
| v. | * * |
| THE CITY OF PHENIX CITY, ALABAMA, a Municipal Corporation, | * * * |
| Defendants. | * * * |

CIVIL ACTION NO. _____

## **COMPLAINT**

### **INTRODUCTION**

1.      Plaintiffs bring this action against the City of Phenix City, Alabama (referred to herein as the "City" or "Defendant").

2.      This action concerns "sewer tap fees" charged by the City pursuant to its ordinances, rules and policies. The City has illegally and unlawfully charged and collected these

fees/taxes from builders, contractors, developers, owners and other citizens when not authorized to do so by the Alabama Constitution or any other state or federal law.

3.    Plaintiffs, pursuant to their investigation, based upon knowledge as to themselves and their own acts, and otherwise upon information and belief, allege as follows:

## PARTIES

### Plaintiffs

4.    Plaintiff Hard-ing Builders, LLC is and has been in the business of construction and development in the City of Phenix City, Alabama.

5.    Plaintiff Vision Quality Homebuilders, LLC is and has been in the business of construction and development in the City of Phenix City, Alabama.

6.    Plaintiff Vision Quality Homes, LLC is and has been in the business of construction and development in the City of Phenix City, Alabama.

7.    Plaintiff Julia Talbot Customer Builder, Inc. is and has been in the business of construction and development in the City of Phenix City, Alabama.

8.    Plaintiff P & D, LLC is and has been in the business of construction and development in the City of Phenix City, Alabama.

9.    Plaintiff Woods Construction, Inc. is and has been in the business of construction and development in the City of Phenix City, Alabama.

10.    Plaintiff Summerville Homes, Inc. is and has been in the business of construction and development in the City of Phenix City, Alabama.

11.    Plaintiff Fault Constructors, Inc. is and has been in the business of construction and development in the City of Phenix City, Alabama.

12.     Plaintiff Venture Builders, LLC is and has been in the business of construction and development in the City of Phenix City, Alabama.

13.     Plaintiff Venture Builders, Inc. is and has been in the business of construction and development in the City of Phenix City, Alabama.

14.     Plaintiff Auburn Road, LLC is and has been in the business of construction and development in the City of Phenix City, Alabama.

15.     Plaintiff Rogers Construction, LLC is and has been in the business of construction and development in the City of Phenix City, Alabama.

16.     Plaintiff Depp Construction, Inc. is and has been in the business of construction and development in the City of Phenix City, Alabama.

17.     Plaintiff C.H.L.A., Inc. is and has been in the business of construction and development in the City of Phenix City, Alabama.

18.     Plaintiff Daugherty Builders, Inc. is and has been in the business of construction and development in the City of Phenix City, Alabama.

19.     Plaintiff RAE Construction Co. Inc. is and has been in the business of construction and development in the City of Phenix City, Alabama.

20.     Plaintiff Interstate Builders Services, Inc. is and has been in the business of construction and development in the City of Phenix City, Alabama.

21.     Plaintiff Rusty Ninas Builders is and has been in the business of construction and development in the City of Phenix City, Alabama.

22.     Plaintiff Trojan Builders LLC is and has been in the business of construction and development in the City of Phenix City, Alabama.

23.    Plaintiff C M Evans Enterprises, Inc. is and has been in the business of construction and development in the City of Phenix City, Alabama.

24.    Plaintiff Evans & Associates is and has been in the business of construction and development in the City of Phenix City, Alabama.

25.    Plaintiff Bowden-Littleton Construction, Inc. is and has been in the business of construction and development in the City of Phenix City, Alabama.

### Defendant

26.    The City of Phenix City, Alabama is a municipal corporation organized and existing under the law of the State of Alabama.

### JURISDICTION AND VENUE

27.    The events, transactions, occurrences and omissions that give rise to Plaintiffs' claims took place in the City of Phenix City, Russell County, Alabama and/or within the police jurisdiction of said City.

28.    The City has charged and collected from Plaintiffs sewer tap fees that are illegal, unconstitutional and/or otherwise unlawful. The City has improperly collected the sewer tap fees to the detriment of Plaintiffs.

29.    This action is brought under and pursuant to the provisions of 42 U.SC. § 1983, *et seq.* in that the imposition and exaction of the fees/taxes complained of violates rights, privileges and immunities secured to the Plaintiffs under the laws and Constitution of the United States. Such fees/taxes are charged, imposed, and exacted by the City while acting under color of law, pursuant to ordinances, rules, or policies of the City.

30.     This action is also brought pursuant to the provisions of *Ala. Code* § 18-1A-32 in that the actions of the City constitute a taking of property without payment of just compensation, as is required under the laws and Constitution of the United States and the State of Alabama.

31.     This action is also brought pursuant to the Alabama Declaratory Judgment Act, *Ala. Code* § 6-6-220, *et seq.*

32.     Venue for this action is in the Circuit Court of Russell County, Alabama, pursuant to *Ala. Code* § 6-3-11.

## GENERAL ALLEGATIONS

33.     From an unknown time up until April 17, 2007, the City imposed and collected a sewer tap fee from every person or entity applying for a residential or commercial building permit. The fee/tax for a four-inch diameter sewer tap was $500.00. All other tap fees/taxes were based on the size of the water meter according to the following schedule: one-inch diameter - $750.00; one and one-half inch diameter - $1,000.00; two-inch diameter - $2,000.00.

34.     The City would not issue a residential or commercial building permit until proof of payment of sewer tap fees was provided.

35.     Plaintiffs have been assessed, and have paid to the City, numerous sewer tap fees in connection with their construction and development of structures within Phenix City.

36.     The City has assessed sewer tap fees against Plaintiffs even though the Plaintiffs, and not the City, performed the physical labor and expended the costs of material to tap into the sewer line.

37.     After the City was made aware that it was unlawfully charging Plaintiffs fees/taxes for work that was being performed by the Plaintiffs, and not the City, the City enacted Ordinance No. 2007-19 which specifically provides that "[n]o charge shall be assessed against

the developer/contractor in areas where pre-stubbed sanitary taps or connections have been made by the developer/contractor." Notwithstanding its recognition that it had been unlawfully charging sewer tap fees to the Plaintiffs, the City has refused to reimburse the Plaintiffs for the amounts of sewer tap fees that the City had unlawfully collected prior to the adoption and implementation of Ordinance No. 2007-19.

### Plaintiffs' First Claim

38.     Plaintiffs reallege and incorporate by reference, as if fully set forth herein, paragraphs 1-37 above.

39     The sewer tap fees imposed and charged by the City confer no special benefits on Plaintiffs, and there are no lawful special quantifiable burdens created by Plaintiffs' business of development and construction which are legitimately related to the fees/taxes imposed and charged by the City.

40.     To the extent a fee of the sort imposed and collected by Defendants may be lawfully imposed and collected, such is required to be roughly proportional to the burden created by the construction and development undertaken by Plaintiffs.

41.     Similarly, the City has failed to make any individualized determination that the required exaction by way of payment of the fees/taxes referred to herein is related in nature and extent to the impact of the actions of Plaintiffs as the City is constitutionally required to do.

42.     The City's imposition and collection of sewer tap fees against Plaintiffs under these circumstances is not rationally related to any legitimate governmental purpose and otherwise is an arbitrary and capricious exercise of the City's authority. Consequently, the sewer tap fees referred to herein violate Plaintiffs' rights, privileges, and immunities as guaranteed

under the Fourteenth Amendment to the United States Constitution and under the corresponding provisions of the Alabama Constitution.

## Plaintiffs' Second Claim

43.     Plaintiffs reallege and incorporate by reference, as if fully set forth herein, paragraphs 1-42 above.

44.     Upon information and belief, the sewer tap fees imposed and collected by the City are for the purpose of raising revenue to be used for general public or governmental purposes, and not as payment for a special privilege or a service rendered by the City. Therefore, such charges are in reality a tax.

45.     The City is without authority to impose such a tax; therefore, the sewer tap fees imposed and collected by the City are unlawful, illegal and void. Plaintiffs are, therefore, due a refund, with interest, of all such taxes paid to the City.

## Plaintiffs' Third Claim

46.     Plaintiffs reallege and incorporate by reference, as if fully set forth herein, paragraphs 1-45 above.

47.     The Fifth Amendment to the United States Constitution provides that property shall not be taken by the government from a person or entity unless just compensation be made for the property so taken.

48.     The protections ensured by the Fifth Amendment to the United States Constitution have, by way of incorporation through the Fourteenth Amendment, been made applicable to the states, their agencies and subordinate governmental entities.

49.     The City's collection of fees/taxes from Plaintiffs under these circumstances constitutes a taking of property without just compensation, thus violating Plaintiffs' rights,

186303.1                                7

privileges, and immunities as guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution.

### Plaintiffs' Fourth Claim

50.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, paragraphs 1-49 above.

51.    Municipal corporations, such as the City of Phenix City, are invested with the power of eminent domain under and pursuant to Section 235 of the Alabama Constitution:

> Municipal and other corporations and individuals invested with the privilege of taking property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury, or destruction. The legislature is hereby prohibited from denying the right of appeal from any preliminary assessment of damages against any such corporations or individuals made by viewers or otherwise, but such appeal shall not deprive those who have obtained the judgment of condemnation from a right of entry, provided the amount of damages assessed shall have been paid into court in money, and a bond shall have been given in not less than double the amount of the damages assessed, with good and sufficient sureties, to pay such damages as the property owner may sustain; and the amount of damages in all cases of appeals shall on demand of either party, be determined by a jury according to law.

52.    The City's collection of fees without the legal authority to do so constitutes a taking of property without just compensation, thus violating Plaintiffs' rights, privileges, and immunities as guaranteed under Section 235 of the Alabama Constitution.

### Plaintiffs' Fifth Claim

53.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, paragraphs 1-52 above.

54.    Section 223 of the Constitution of Alabama provides:

> No city, town, or other municipality shall make any assessment for the cost of sidewalks or street paving, or for the cost of the construction of any sewers

against property abutting on such street or sidewalk so paved, or drained by such sewers, in excess of the increased value of such property by reason of the special benefits derived from such improvements.

55. The sewer tap fees violate the mandates of Section 223 in that the fees/taxes charged by the City bear no relation to the increased value to the properties upon which such charges are imposed and are not related to any increased value by reason of the special benefits derived therefrom.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against the City as follows:

A. Declaring that the sewer tap fees previously charged by the City of Phenix City were void, invalid, unconstitutional and/or otherwise unlawful;

B. Entering a mandatory injunction and order requiring the City to refund in full and with interest all charges for sewer tap fees heretofore assessed against Plaintiffs;

C. Granting additional relief as permitted by law or equity, including restitution and disgorgement of retained benefits or other ill-gotten gains;

D. Awarding Plaintiffs their costs and expenses incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other litigation costs and expenses; and

E. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of November, 2007.

/s/ G. Lane Knight
G. Lane Knight (KNI028)
One of the Attorneys for Plaintiffs

**OF COUNSEL:**
David R. Boyd (BOY005)
G. Lane Knight (KNI028)
Balch & Bingham LLP

186303.1                                9

P.O. Box 78
Montgomery, Alabama 36101
Telephone:  334-834-6500
Telefax:  334-269-3115
dboyd@balch.com
lknight@balch.com

**The Defendant to be served by Sheriff at the following address:**

The City of Phenix City, Alabama
c/o H.H. Roberts, City Manager
601 12th Street
Phenix City, AL 36867

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

HARD-ING BUILDERS, LLC; et al., )
                                )
       Plaintiffs,             )
                                )
VS.                            ) CASE NO. CV-07-900096
                                )
THE CITY OF  PHENIX CITY,   )
ALABAMA,                   )
                                )
       Defendants.        )

### *ANSWER*

Comes now the Defendant in the above styled cause and answers the Complaint of Plaintiffs, as follows:

1.     Defendant admits that it is a municipality in accordance with the laws of the State of Alabama and is correctly named in the Complaint.

2.     Defendant denies the allegations of paragraph 2 of Plaintiffs' Complaint specifically as it relates to illegally and unlawfully charged and collected tapped fees.

3.     Paragraph 3 of Plaintiffs' Complaint makes no specific allegation and therefore Defendant does not believe that said paragraph requires an answer.

4.     Paragraphs 4 through 25 of Plaintiffs' Complaint simply identify the Plaintiffs and allege that they are in the construction and

development business. To the Defendant's knowledge these allegations are true and correct.

5.    Defendant admits the allegations contained in paragraph 26 of Plaintiffs' Complaint.

6.    Defendant is uncertain of each of the "events, transactions, occurrences and omissions" without specific allegations and therefore denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

7.    Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint and demands strict proof thereof.

8.    Paragraphs 29 through 32 of Plaintiffs' Complaint allege the statutory and constitutional authorities and venue upon which Plaintiffs base their claims against the Defendant and therefore require no answer by the Defendant.

9.    Defendant admits the allegations of paragraph 33 of Plaintiffs' Complaint.

10.    Defendant admits the allegations of paragraph 34 of Plaintiffs' Complaint.

11.    As to paragraph 35 of Plaintiffs' Complaint, Defendant is without specific knowledge to admit or deny said allegation and therefore denies the same.

12.     As to paragraph 36 of Plaintiffs' Complaint, Defendant is without specific knowledge to admit or deny said allegation and therefore denies the same.

13.     Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint and demands strict proof thereof.

14.     Defendant re-incorporates and re-alleges its answers to paragraphs 1 through 37 above, as if fully set out herein.

15.     Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Complaint and demands strict proof thereof.

16.     Defendant denies the allegations contained in paragraph 40 of Plaintiffs' Complaint as stated and demands strict proof thereof.

17.     Defendant denies the allegations contained in paragraph 41 of Plaintiffs' Complaint and demands strict proof thereof.

18.     Defendant denies the allegations contained in paragraph 42 of Plaintiffs' Complaint and demands strict proof thereof.

19.     Defendant re-incorporates and re-alleges its answers to paragraphs 1 through 42 above, as if fully set out herein.

20.     Defendant denies the allegations contained in paragraph 44 of Plaintiffs' Complaint and demands strict proof thereof.

21.     Defendant denies the allegations contained in paragraph 45 of Plaintiffs' Complaint and demands strict proof thereof.

22.     As to paragraph 46 of Plaintiffs' Complaint Defendant re-incorporates and re-alleges its answers to paragraphs 1 through 45 above, as if fully set out herein.

23.     Defendant denies the allegations contained in paragraph 47 of Plaintiffs' Complaint as stated and demands strict proof thereof.

24.     Defendant admits to the allegations contained in paragraph 48 of Plaintiffs' Complaint.

25.     Defendant denies the allegations contained in paragraph 49 of Plaintiffs' Complaint and demands strict proof thereof.

26.     As to paragraph 50 of Plaintiffs' Complaint Defendant re-incorporates and re-alleges its answers to paragraphs 1 through 49 above, as if fully set out herein.

27.     Defendant denies the allegations contained in paragraph 51 as stated of Plaintiffs' Complaint and demands strict proof thereof.

28.     Defendant denies the allegations contained in paragraph 52 as stated of Plaintiffs' Complaint and demands strict proof thereof.

29.   As to paragraph 53 of Plaintiffs' Complaint Defendant re-incorporates and re-alleges its answers to paragraphs 1 through 52 above, as if fully set out herein.

30.   Defendant denies the allegations contained in paragraph 54 as stated of Plaintiffs' Complaint and demands strict proof thereof.

31.   Defendant denies the allegations contained in paragraph 55 as stated of Plaintiffs' Complaint and demands strict proof thereof.

32.   Defendant denies each and every other material allegation of Plaintiffs' Complaint not heretofore addressed and demands strict proof thereof.

## ***AFFIRMATIVE DEFENSES***

1.   Defendant pleads the defense of latches.

James R. McKoon, Jr., MCK020
Joshua R. McKoon, MCK057
James P. Graham, Jr., GRA030
Attorneys for Defendant

McKoon & Associates
Post Office Box 3220
Phenix City, Alabama 36868-3220
(334) 297-2300
Facsimile (334) 297-2777



FILED IN OFFICE
2007 DEC -4 PM 3:04
CIRCUIT / DIST. COURT
RUSSELL CO. AL

The Graham Legal Firm
Post Office Box 3380
Phenix City, AL 36868-3380
(334) 291-0315
Facsimile (334) 291-9136

## *CERTIFICATE OF SERVICE*

I hereby certify that I have served the above and foregoing upon the attorneys of record, by placing a true and correct copy of same, in the United States Mail, postage prepaid and addressed to them, as follows:

G. Lane Knight, Esq.
David R. Boyd, Esq.
Balch & Bingham, LLP
P. O. Box 78
Montgomery, Alabama  36101

This _____ day of December, 2007.

_____
OF COUNSEL



IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

HARD-ING BUILDERS, LLC; et al., )
          )
   Plaintiffs,    )
          )
VS.         ) CASE NO. CV-07-900096
          )
THE CITY OF PHENIX CITY, )
ALABAMA,      )
          )
   Defendants.   )

## ***REMOVAL NOTICE***

TO THE PLAINTIFFS IN THE ABOVE STYLED CAUSE AND THEIR ATTORNEYS OF RECORD:

Please take notice that on the 6th day of December, 2007, the undersigned, as attorneys for Defendant filed on its behalf a notice of removal in the United States District Court for the Middle District of Alabama, Eastern Division, to remove the above-entitled cause of action from the Circuit Court of Russell County, Alabama (CV-07-900096) to said United States District Court, and also filed a true copy of said Notice of Removal with the Clerk of the Circuit Court of Russell County, Alabama.

James R. McKoon, Jr., MCK020
Joshua R. McKoon, MCK057
James P. Graham, Jr., GRA030
Attorneys for Defendant

McKoon & Associates
Post Office Box 3220
Phenix City, Alabama 36868-3220
(334) 297-2300
Facsimile (334) 297-2777

The Graham Legal Firm
Post Office Box 3380
Phenix City, AL 36868-3380
(334) 291-0315
Facsimile (334) 291-9136

## *CERTIFICATE OF SERVICE*

I hereby certify that I have served the above and foregoing upon the attorneys of record, by placing a true and correct copy of same, in the United States Mail, postage prepaid and addressed to them, as follows:

G. Lane Knight, Esq.
David R. Boyd, Esq.
Balch & Bingham, LLP
P. O. Box 78
Montgomery, Alabama  36101

This 6th day of December, 2007.

_____
OF COUNSEL

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001450
Cashier ID: cstrecke
Transaction Date: 12/07/2007
Payer Name: JAMES R MCKOON JR
------------------------------------
CIVIL FILING FEE
 For: JAMES R MCKOON JR
 Case/Party: D-ALM-3-07-CV-001069-001
 Amount:        $350.00
------------------------------------
CHECK
 Remitter: JAMES R MCKOON JR
 Check/Money Order Num: 14974
 Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

DALM307CV001069-MEF

JAMES R MCKOON JR

P O BOX 3220

PHENIX CITY, AL  36868-3220
```