**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **HARD-ING BUILDERS**, **LLC, et al.**    ) | |
| )                                  | |
| **Plaintiffs,**    )             | |
| )                                  | **CIVIL ACTION NO.: 3:07-cv-01069-** |
| **v.**    )                      | **MEF-WC** |
| )                                  | |
| **THE CITY OF PHENIX CITY,**    ) | |
| **ALABAMA, a Municipal Corporation,**    ) | |
| )                                  | |
| **Defendant.**    )              | |

### PLAINTIFFS' MOTION TO REMAND

The Plaintiffs in the above-styled action respectfully move the Court, pursuant to 28 U.S.C. 1447(c), to remand this action to the Circuit Court of Russell County, Alabama.[1]   As grounds for this motion, the Plaintiffs state as follows:

### INTRODUCTION

This case involves the legality of the City of Phenix City's (the "City") collection of purported regulatory "sewer tap fees" from the Plaintiffs, a collection of builders and contractors who operate in or around the City.  The Plaintiffs, in part, assert that the sewer tap fees collected by the City are not regulatory fees at all, but are in reality a form of tax.  Because the City does not have the authority to impose such a tax, the Plaintiffs filed this lawsuit contending that the City's collection of sewer tap fees violates numerous provisions of state and federal statutory and constitutional law.

This action was instituted on November 6, 2007.  The City thereafter filed a Notice of Removal with this Court.  The City cited federal question jurisdiction as this Court's only basis

---

[1] This motion is timely because a motion to remand on the basis of lack of subject matter jurisdiction can be made at any time before final judgment. *See* 28 U.S.C. 1447(c).

for subject matter jurisdiction.  This case should be remanded to the Circuit Court of Russell County, Alabama, however, because the Tax Injunction Act, 28 U.S.C. § 1341, expressly precludes this Court from exercising jurisdiction in this case.[2]

## COURTS CONSTRUE REMOVAL JURISDICTION NARROWLY

It is well settled that courts narrowly construe the right to remove a case from state to federal court. *See, e.g., Pacheco de Parez v. AT&T*, 139 F.3d 1368, 1373 (11th Cir. 1998) (the Eleventh Circuit "construe[s] removal jurisdiction narrowly and resolve[s] any doubts regarding the existence of federal question in favor of the non-removing party"); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand"). Indeed, "the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not *absolutely clear*." *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) (emphasis added).  The removing party has the burden of proving jurisdiction. *Leonard v. Enterprise Rent-A-Car, et al.*, 279 F.3d 967, 972 (11th Cir. 2002).  Courts in the Eleventh Circuit do not hesitate to remand cases to state court where the defendant fails to meet its burden of proving subject matter jurisdiction. *See, e.g., Miedema v. Maytag Corp.*, 450 F.3d 1322, 1332 (11th Cir. 2006); *Leonard*, 279 F.3d at 974; *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1321 (11th Cir. 2001); *Ret. Sys. of Ala. v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1269 (M.D. Ala. 2002); *Oskars, Inc. v. Bennett & Co.*, 132 F. Supp. 2d 1333, 1338  (M.D. Ala. 2001).

---

[2] There is no dispute that jurisdiction and venue in this action are proper in the Circuit Court of Russell County, Alabama.

### THE TAX INJUNCTION ACT BARS THIS COURT FROM EXERCISING JURISDICTION OVER PLAINTIFFS' CLAIMS

The Tax Injunction Act, enacted in 1937, provides that the "District Courts shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Stated simply, the Tax Injunction Act prohibits federal courts from granting injunctive or declaratory relief or otherwise becoming involved in matters of state revenue. *See Lightwave Technologies, L.L.C. v. Escambia County, Alabama*, 43 F. Supp. 2d 1311, 1314 (S.D. Ala. 1999) (*citing State of California v. Grace Brethren C*hurch, 457 U.S. 393 (1983)). Indeed, the United States Supreme Court has recognized:

> The [Tax Injunction Act] has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations. This last consideration was the principal motivating force behind the Act: this legislation was first and foremost a vehicle to limit drastically federal court jurisdiction to interfere with so important a local concern as the collection of taxes.

*Rosewell v. LaSalle National Bank*, 450 U.S. 503, 522 (1981).

In a case strikingly similar to this one, *Lightwave Technologies*, 43 F. Supp. 2d 1311, the United States District Court for the Southern District of Alabama applied the Tax Injunction Act to hold that it lacked subject matter jurisdiction in a case that, in part, involved a dispute as to whether a purported regulatory fee charged by a state governmental entity was actually a tax.

Lightwave Technologies, LLC ("Lightwave"), a telecommunications company, planned to install optical fiber within Escambia County, Alabama. *Id.* at 1312-13. The County informed Lightwave that it would be permitted to place the proposed fibers within its rights-of-way for a fee. *Id.* Disagreeing with the County's position, Lightwave filed an action in the United States District Court for the Southern District of Alabama to challenge the purported regulatory fee. *Id.*

Escambia County moved to dismiss Lightwave's lawsuit, arguing that the Tax Injunction Act precluded such a suit in federal court. *Id.*  Wanting to remain in federal court, Lightwave argued that the Tax Injunction Act did not apply because the assessment by Escambia County was a "fee" and not a "tax." *Id.* at 1314.  There was evidence, however, that the fee was primarily a revenue-raising measure for Escambia County, that the fee was not tailored to any actual burden imposed on Escambia County by Lightwave's activities, and that the revenue raised from the fee was deposited in a fund unrelated to the impacted rights-of-way. *Id.* at 1314-16.  Accordingly, even though Escambia County designated the assessment as a "fee," because there were allegations and evidence that the proceeds of the right-of-way fee did not serve the purposes of a regulatory fee, the district court held that it lacked subject matter jurisdiction.[3] *Id.*[4]

*Lightwave Technologies* is virtually "on-point" with the instant case and compels the remand of this action to the Circuit Court of Russell County, Alabama.  Here, as in *Lightwave*, the Plaintiffs seek, *inter alia*, injunctive and declaratory relief with respect to a purported regulatory fee charged by a state governmental entity.  Further, the Plaintiffs contend that the sewer tap fee charged and collected by City is actually a tax.  The Plaintiffs make the following allegations in the Complaint:

> "Upon information and belief, the sewer tap fees imposed and collected by the City are for the purpose of raising revenue to be used for general public or governmental purposes, and not as a payment for a special privilege or a service rendered by the City. Therefore, such charges are in reality a tax."

---

[3] The court expressly rejected the argument that the right-of-way fee was a regulatory fee because it was labeled as such. *See Lightwave Technologies*, 43 F. Supp. 2d at 1314 ("Therefore, contrary to plaintiff's arguments, the County's failure to designate the right-of-way fee as a "tax" does not clothe this court with jurisdiction.").

[4] As pointed out by the *Lightwave* court, at least one other district court faced with similar circumstances reached the same conclusion: *City of Chattanooga v. Bellsouth Communications, Inc.,* 1 F. Supp. 2d 809 (E.D. Tenn. 1998) (holding that where challenged exactions constituted "tax[es] under State law" within the meaning of the Tax Injunction Act, court lacked subject matter jurisdiction over plaintiff's claims.).

> "The City is without authority to impose such a tax; therefore, the sewer tap fees imposed and collected by the City are unlawful, illegal and void."

*See Compl.* ¶¶ 44-45. The Plaintiffs also contend that the City has made no attempt to correlate the sewer tap fee with any actual burden imposed by the Plaintiffs' activities. The Complaint states:

> "To the extent a fee of the sort imposed and collected by Defendant may be lawfully imposed and collected, such is required to be roughly proportional to the burden created by the construction and development undertaken by Plaintiffs."

> "Similarly, the City has failed to make any individualized determination that the required exaction by way of payment of the fees/taxes referred to herein is related in nature and extent to the impact of the actions of Plaintiffs as the City is constitutionally required to do."

*See id.* at ¶¶ 40-41.

Against this background, it is clear the Plaintiffs' Motion to Remand is due to be granted. The Tax Injunction Act expressly prohibits a federal court from granting injunctive or declaratory relief or otherwise becoming involved in matters of state revenue. The *Lightwave Technologies* court applied the Tax Injunction Act to hold that it lacked subject matter jurisdiction in a matter involving a dispute as to whether a purported regulatory fee charged by a state governmental entity was actually a tax. This is the precise dispute in this case. Accordingly, this Court lacks subject matter jurisdiction over this matter and this case should be remanded to the Circuit Court of Russell County, Alabama.

### PLAINTIFFS' FEDERAL TAKINGS CLAIM DOES NOT PROVIDE THE COURT WITH A BASIS FOR SUBJECT MATTER JURISDICTION OVER THAT CLAIM

The Plaintiffs' Complaint also contains a Takings claim under the Fifth Amendment to the United States Constitution. At first glance, the Plaintiffs' federal Takings claim would appear to provide a separate basis upon which the City could remove that claim. Case law is

clear, however, that a federal Takings claim is not removable if there is an adequate procedure to address an alleged condemnation available in state court, such as there is in this case.

This issue was recently addressed by the Middle District of Alabama in *Moore v. Covington County Commission*, 2007 U.S. Dist. LEXIS 44164 (M.D. Ala. 2007). In *Moore*, a plaintiff filed an appeal of an action of the Covington County Commission in the Circuit Court of Covington County, Alabama, alleging state law claims as well as a federal Takings claim. *Id.* at *1-5. Because the plaintiff asserted a federal Takings claim, the Covington County Commission (the "Commission") sought to remove the action to the Middle District of Alabama. *Id.*

After reviewing the Commission's removal petition, the Court *sua sponte* remanded the action to the Circuit Court of Covington County. *Id.* at *3-9. The Court concluded that the federal Takings claim was not removable because of the existence of an adequate state law remedy, i.e, a claim for inverse condemnation. *Id.* The Court held:

> On the face of the complaint, the Fifth Amendment Takings allegation would arise under the United States Constitution and seemingly would provide a basis for removal based upon federal question jurisdiction; however, the issue is simply not ripe for the court to consider. *See Bickerstaff Clay Products Co., Inc. v. Harris County, Ga.*, 89 F.3d 1481, 1490-1491 (11th Cir. 1996) ("[a] Takings Clause claim does not become ripe unless the state provides no remedy to compensate the landowner for the taking."); *Madison v. Ala. DOT*, No. 2:06-cv-199-WKW, 2007 U.S. Dist. LEXIS 34541, 2007 WL 1412403 (M.D. Ala. May 10, 2007). The Supreme Court of the United States and this Circuit have firmly established that in order for a federal district court to properly review a Fifth Amendment claim, a plaintiff must establish "that the state law provides him no process for obtaining just compensation (such as an action for inverse condemnation) or that the state law appears to provide such process, but due to state court interpretation, the process is inadequate." *Agripost, Inc. v. Miami-Dade County*, 195 F.3d 1225, 1231 (11th Cir. 1999); *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985). If a property owner cannot establish either allegation, and "if such a claim is pending in federal district court, the district court must dismiss it for lack of subject matter jurisdiction since the owner has failed to establish an Article III 'case or controversy.'" *Id.*

*Id.* at *4-6. The Court further reasoned:

Alabama provides an adequate procedure to address condemnation or real property. Case and statutory laws provide that 'when the State takes property without initiating a condemnation action and without paying just compensation to the property owner, the property owner has a cause of action for 'inverse condemnation,' by which he can recover just compensation for the taking.' *State v. Armstrong*, 779 So. 2d 1211, 1214 (Ala. 2000) (citation omitted). Obviously, there is an adequate remedy under Alabama state law for an aggrieved plaintiff alleging a Takings claim. As such, the plaintiffs in this action must pursue all available state remedies for inverse condemnation before this court can address their Fifth Amendment takings claim as an Article III case or controversy.

*Id.*

In light of the foregoing, it is clear that this entire case should be remanded to the Circuit Court of Russell County, Alabama. As discussed above, the Tax Injunction Act bars this Court from becoming involved in matters of state revenue; therefore, each of the Plaintiffs' claims related to the "tax/fee" issue cannot be properly considered by this Court. Having made this determination, the only claim which could even conceivably stay in federal court is the Plaintiffs' federal Takings claim. It is clear, however, that where a plaintiff has available the remedy of inverse condemnation in an Alabama state court, a federal Takings claim is not removable. Here, the Plaintiffs have asserted a state law claim against the City for inverse condemnation. *See Compl.* at ¶¶ 50-52. Consequently, there is simply no basis for this Court to exercise subject matter jurisdiction over any of the Plaintiffs' claims.[5] This action, therefore, must be remanded in its entirety.

---

[5] Even if the City could properly remove the Plaintiffs' federal Takings claim, this Court should exercise its discretion to remand that claim since state law claims clearly predominate in this case. *See, e.g., Wirtz Corp. v. United Distillers v. Vintners North America, Inc.*, 224 F.3d 708, 731 (7th Cir. 2000) (state interest in administration of alcoholic beverage program outweighs diversity jurisdiction); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320 (5th Cir. 1998) (permitting remand of federal claims within concurrent jurisdiction of federal and state courts); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 320 (5th Cir. 1998) (collecting cases).

### CONCLUSION

For the reasons stated above, the Plaintiffs respectfully move this Court to enter an order

remanding this case to the Circuit Court of Russell County, Alabama.

/s/ G. Lane Knight
David R. Boyd
G. Lane Knight
Attorneys for Plaintiffs
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 783-2739
E-mail: dboyd@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the <u>28th</u> day of <u>January</u>, 2008:

Ronald G. Davenport
R. Brett Garrett
Rushton, Stakely, Johnston & Garrett, P.A.
184 Commerce Street
Montgomery, AL 36104

*Attorneys for Defendant*

                                        Respectfully submitted,

                                        <u>/s/ G. Lane Knight</u>
                                        David R. Boyd (BOY005)
                                        G. Lane Knight (KNI028)
                                        Attorneys for Plaintiffs
                                        BALCH & BINGHAM LLP
                                        Post Office Box 78
                                        Montgomery, AL 36101-0078
                                        Telephone: (334) 834-6500
                                        Facsimile: (866) 783-2739
                                        E-mail: dboyd@balch.com
                                                            lknight@balch.com