IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HARD-ING BUILDERS, LLC, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 3:07-cv-01069-MEF-WC |
| | ) |
| THE CITY OF PHENIX CITY, | ) |
| ALABAMA, a Municipal Corporation, | ) |
| | ) |
| Defendant. | ) |

**SUPPLEMENTAL EVIDENTIARY SUBMISSION IN SUPPORT OF PLAINTIFFS'
REPLY TO DEFENDANT'S RESPONSE TO MOTION TO REMAND**

The plaintiffs in the above-styled cause respectfully submit the attached Declaration of John W. Ray, in further support of their Reply to Defendant's Response to Motion to Remand filed on February 21, 2008.

/s/ G. Lane Knight
David R. Boyd
G. Lane Knight
Attorneys for Plaintiffs
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 783-2739
E-mail: dboyd@balch.com

189931.1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 21st day of February, 2008:

Ronald G. Davenport
R. Brett Garrett
Rushton, Stakely, Johnston & Garrett, P.A.
184 Commerce Street
Montgomery, AL 36104

*Attorneys for Defendant*

                                                Respectfully submitted,

                                                /s/ G. Lane Knight
                                                David R. Boyd (BOY005)
                                                G. Lane Knight (KNI028)
                                                Attorneys for Plaintiffs
                                                BALCH & BINGHAM LLP
                                                Post Office Box 78
                                                Montgomery, AL 36101-0078
                                                Telephone: (334) 834-6500
                                                Facsimile: (866) 783-2739
                                                E-mail: dboyd@balch.com
                                                             lknight@balch.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HARD-ING BUILDERS, LLC, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:07-cv-01069-MEF-WC |
| ) | |
| THE CITY OF PHENIX CITY, ) | |
| ALABAMA, a Municipal Corporation, ) | |
| ) | |
| Defendant. ) | |

### DECLARATION OF JOHN W. RAY

John W. Ray declares and states as follows:

1.  My name is John W. Ray. I am the Executive Officer for the Phenix City Homebuilders Association. I have served in that capacity since 2005. I have been a member of the Phenix City Homebuilders Association since 1965. Through my association with the Phenix City Homebuilders Association, I have personal knowledge of the history and development of the "sewer tap fee" collected by the City of Phenix City, Alabama (the "City").

2.  I do not know for certain when the "sewer tap fee" was first instituted by the City but, upon information and belief, I believe that the fee was first enacted in or around the early 1980s. When the "sewer tap fee" was originally enacted, the City – and not the builder – was responsible for doing the actual physical connections of new lines into the existing sewer system.

3.  At some point after the "sewer tap fee" was instituted, the City stopped making connections of new lines into the existing sewer system in most circumstances. Instead, the builder became responsible for this activity. Even though the City stopped doing the physical sewer line connections, the City continued to charge the builder a "sewer tap fee" for each line connection made. Thus, the builders became responsible for both the costs and expenses

associated with connecting a new line into the sewer system and paying the "sewer tap fee" to the City for work the builders themselves had performed. The builders are also responsible for paying a System Development Fee (also known as an "impact fee") when a new connection is made into the sewer line. This fee is currently $1,500.00 for each new connection.

4.  In 2007, the City was confronted with evidence that they were still charging the builders a "sewer tap fee" even though the City was no longer doing the actual physical connections into the existing sewer line. After this was brought to the City's attention, the City repealed the "sewer tap fee," in part, through Ordinance No. 2007-19 in situations where the builder was responsible for completing the sewer tap.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of February, 2008.

_____
JOHN RAY