IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HARD-ING BUILDERS, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 3:07-cv-1069-MEF |
| ) | |
| CITY OF PHENIX CITY, ALABAMA, ) | |
| a Municipal Corporation, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

### I. INTRODUCTION

This cause is before the Court on Plaintiffs' Motion to Remand (Doc. # 49). Plaintiffs allege that a sewer tap assessment imposed on them violated various provisions of the U.S. and Alabama Constitutions.

### II. STANDARD

A civil action brought in state court may be removed by a defendant to federal court if it could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). Federal-question jurisdiction exists when the civil action arises under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and supplemental jurisdiction generally exists over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

The party seeking removal bears the burden of establishing jurisdiction. 28 U.S.C.

§ 1446; *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). After removal, a party may move to remand to state court on the basis of any defect in the removal, including lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c).

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted). The Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. FACTS AND PROCEDURAL BACKGROUND

Prior to April 17, 2007, the Department of Public Utilities for the Defendant City of Phenix City, Alabama ("the City") collected a sewer tap assessment from persons or entities applying for a building permit. The amount of the assessment depended on the diameter of the water meter used. Plaintiffs, which are builders, contractors, and developers who operate in and around the City of Phenix, Alabama, paid the sewer tap assessments in connection with numerous building projects. On April 17, 2007, the ordinance authorizing the collection of the assessments was repealed.

In this case, Plaintiffs seek reimbursement of sewer tap assessments made prior to the repeal of the ordinance. On November 6, 2007, Plaintiffs filed a Complaint in the Circuit Court for Russell County, Alabama. Plaintiffs claim that the collection of the

assessments (1) violated their rights, privileges, and immunities under the Fourteenth Amendment of the U.S. Constitution and Section 235 the Alabama Constitution, (2) violated their rights under the Fifth and Fourteenth Amendment of the U.S. Constitution by taking their property without just compensation, (3) violated Section 233 of the Alabama Constitution by bearing no relation to the increased value to the properties upon which the assessments were imposed.

On December 7, 2007, Defendant timely removed the case to this Court on the basis of federal question jurisdiction. On January 28, 2008, Plaintiffs filed a Motion to Remand, which argues that (1) the Tax Injunction Act (TIA), 28 U.S.C. § 1341, bars this Court from exercising jurisdiction over Plaintiffs' claims, and (2) the Takings Clause claim is not removable because the Plaintiffs have the remedy of inverse condemnation in Alabama state court.

### IV. DISCUSSION

Under the TIA, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA, when applicable, deprives a federal court of subject matter jurisdiction. *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982).

The central issue is whether the assessment in question is a tax or a regulatory fee. If the assessment is a tax, then the TIA deprives the Court of subject matter jurisdiction.

If the assessment is a regulatory fee, then the Court has subject matter jurisdiction because of the federal constitutional claims. This determination should be made pursuant to federal, and not state, law. *Lightwave Technologies, L.L.C. v. Escambia County*, 43 F. Supp. 2d 1311, 1314 (S.D. Ala. 1999) (citing *Robinson Protective Alarm Co. v. City of Phila.*, 581 F.2d 371 (3d Cir. 1978)).

Courts have made the following distinction between a tax and a regulatory fee:

> A tax is generally a revenue-raising measure, imposed by a legislative body, that allocates revenue to a general fund, and is spent for the benefit of the entire community. A user fee, by contrast, is a payment given in return for a government provided benefit and is tied in some fashion to the payor's use of the service.

*Id.* (quoting *Folio v. City of Clarksburg*, 134 F.3d 1211 (4th Cir.1998)). A factor that courts have considered is whether the assessment provides a benefit to the public, like a general tax, or whether it defray's the agency's cost of regulating the activity that is the subject of the assessment. *Id.* at 314-16; *Bidart Bros. v. California Apple Com'n*, 73 F.3d 925, 932 (9th Cir. 1996).

Defendant argues that the sewer tap assessment was not a tax. The assessment was collected by the City's Department of Public Utilities ("the Department"). Aff. of Stephen Smith (Doc. # 51-2, Ex. C). Although the ordinance authorizing the collection of the assessment was passed by the City Council, the City did not collect, manage, or distribute the revenue from the assessments. (*Id.*). The revenue was deposited in the

4

Department's independent fund, and not in the City's general fund, (*id.*) and it was used by the Department to defray costs incurred in inspecting and maintaining new sewer lines that were added by builders. Aff. of Greg Glass (Doc. # 51-2, Ex. D). The repeal of the ordinance was an accommodation to Plaintiffs and other builders. (*Id.*).

Plaintiffs state that it was "disingenuous" for Defendant to argue that revenue from the assessments offset the cost of inspecting and maintaining new sewer lines. (Doc. # 52, at 2). Plaintiffs' argument is based on the history of the sewer tap assessment. When the ordinance authorizing the collection of the assessment was first passed, the City was responsible for physically connecting the new sewer lines into the existing system. Decl. of John W. Ray (Doc. # 53, ¶ 2). At some point prior to April 17, 2007, the City stopped connecting sewer lines in most cases, and thus the builders became responsible for that work. (*Id.* ¶ 3). However, the Department continued to charge the sewer tap assessment, even though the City did not connect the new lines into the system. (*Id.*). After the City was confronted with evidence that the Department collected assessments despite the fact that the builders connected the new lines, the City repealed the ordinance authorizing the sewer tap assessments in cases where the builder connected the new line. (*Id.* ¶ 4). Thus, Plaintiffs argue that had the sewer tap assessments been used to offset the cost of inspecting and maintaining new lines, the ordinance would not have been repealed.

Plaintiffs give two other reasons for why the assessments they were charged were not used to pay for inspection and maintenance. The Department has charged builders a

System Development Fee for each new sewer connection. (*Id.* ¶ 3).  Plaintiffs imply that this fee is used to offset the cost of inspection and maintenance, and the sewer tap assessment was related to the cost of making the sewer tap connection.  Also, Plaintiffs point out that the ordinance authorizing the assessment does not mention that it is related to inspection and maintenance.

    Defendant presented evidence that the ordinance was repealed as an accommodation to builders and that, prior to the repeal, the Department used the revenue from the assessments to offset the costs of inspecting and maintaining new sewer lines. Plaintiffs did not present rebuttal evidence.  Rather, Plaintiffs argue that the timing of the repeal suggests that the assessment was intended to offset the City's cost of connecting new lines to the existing sewer system.  However, this argument is not supported by evidence and does not contradict the affidavit evidence that the Department incurred and continues to incur inspection and maintenance costs associated with new sewer lines. Also, Plaintiffs imply that the System Development Fee is used for inspection and maintenance, but they provide no evidence of how the Department uses these fees.

    Based on the evidence before the Court, it appears that the sewer tap assessment was a regulatory fee, and not a tax, because it was related to the inspection and maintenance of the new sewer lines, and not used for a more general purpose.  Therefore, the Tax Injunction Act does not prevent the Court from having subject matter jurisdiction

in this case.[1]

Accordingly, it is hereby

ORDERED that the Motion to Remand (Doc. # 49) is DENIED.

Done this the 27th day of May, 2008.

                                                    /s/ Mark E. Fuller
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If additional evidence indicates that the sewer tap assessment was not used to offset the cost of inspection and maintenance of sewer lines, then the Court may revisit the issue of subject matter jurisdiction. Because the TIA does not deprive the Court of subject matter jurisdiction, there is no need to address the issue of whether the case is removable because of the Takings Clause claim.

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).