IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HARD-ING BUILDERS, LLC, *et al.*,      )
                                       )
        PLAINTIFFS,                    )
                                       )
v.                                     )   CASE NO.: 3:07-CV-1069-MEF
                                       )
CITY OF PHENIX CITY, ALABAMA,          )                (WO)
a Municipal Corporation, and           )
THE DEPARTMENT OF PUBLIC               )
UTILITIES FOR THE CITY OF PHENIX       )
CITY, ALABAMA,                         )
                                       )
        DEFENDANTS.                    )

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Plaintiffs, a group of twenty-two builders, contractors, and developers who operate in and around the City of Phenix City, Alabama, commenced this suit and seek redress under various state and federal constitutional provisions for what they claim were illegal sewer tap fees and impact fees charged by Defendants. The case is presently before the Court on a Motion for Summary Judgment (Doc. # 70), which Defendants filed on June 12, 2009, and a Motion to Remand (Doc. # 74), which Plaintiffs filed with their response to the Motion for Summary Judgment on July 1, 2009. Both Motions are under submission and ripe for disposition. The Motion to Remand challenges the Court's subject matter jurisdiction, so the Court must address it first. The Court finds that the Motion to Remand is due to be

GRANTED and therefore does not reach the merits of the Motion for Summary Judgment.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to April 17, 2007, the Department of Public Utilities for Defendant City of Phenix City, Alabama ("the City") collected a sewer tap fee from persons or entities applying for a building permit. Plaintiffs paid the sewer tap fees in connection with numerous building projects. On April 17, 2007, the City repealed the ordinance authorizing the collection of the sewer tap fees in pre-stubbed situations.[2]  These facts were the basis for Plaintiffs' first Complaint, which they filed in the Circuit Court of Russell County, Alabama, on  November 6, 2007. (Doc. # 1-2 p.1.)

Plaintiffs sought by their original Complaint reimbursement of sewer tap fees made prior to the repeal of the ordinance.  Plaintiffs claimed that the collection of the fees (1) violated their rights, privileges, and immunities under the Fourteenth Amendment of the U.S. Constitution and Section 235 of the Alabama Constitution, (2) violated their rights under the Fifth and Fourteenth Amendment of the U.S. Constitution by taking their property without just compensation, (3) violated Section 233 of the Alabama Constitution by bearing no relation to the increased value to the properties upon which the assessments were imposed.

Defendants timely removed the case to this Court on December 7, 2007, arguing that

_____

[1]A Motion for Leave to File Reply to Defendants' Opposition to Remand (Doc. # 84) is also pending.  That Motion is due to be DENIED.

[2]A "pre-stubbed situation" is a new subdivision in which the builder, rather than the city, connects new residences to the sewer system.

the Court had subject matter jurisdiction as a result of Plaintiffs' federal constitutional claims. (Doc. # 1.) Plaintiffs filed a Motion to Remand on January 28, 2008, in which they argued, among other things, that the Court lacked subject matter jurisdiction because of the application of the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. (Doc. # 49.)  The Court denied the Motion to Remand on May 27, 2009.  (Doc. # 54).  The Court began its Memorandum Opinion and Order by noting that under the TIA, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.  The Court also noted that the TIA, when applicable, deprives a federal court of subject matter jurisdiction. *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982). The central question for purposes of the first Motion to Remand, therefore, was whether the sewer tap fees were a tax or a regulatory fee.  "A tax is generally a revenue-raising measure, imposed by a legislative body, that allocates revenue to a general fund, and is spent for the benefit of the entire community. A user fee, by contrast, is a payment given in return for a government provided benefit and is tied in some fashion to the payor's use of the service." (Doc. # 54 p.3.)

Applying these principles, the Court held that, "based on the evidence before the Court, it appears that the sewer tap [fee] was a regulatory fee, and not a tax, because it was related to the inspection and maintenance of the new sewer lines, and not used for a more general purpose." (Doc. # 54.)  The result of this finding was that the TIA did not deprive the

Court of subject matter jurisdiction.  The Court noted in its Opinion the Motion to Remand that "[i]f additional evidence indicates that the sewer tap [fee] was not used to offset the cost of inspection and maintenance of sewer lines, then the Court may revisit the issue of subject matter jurisdiction." (Doc. # 54 p.7 n.1.)

Plaintiffs filed an Amended Complaint on  September 17, 2008.  (Doc. # 60.)  The Amended Complaint contained the same claims arising from the sewer tap fees as the original Complaint, but added parallel claims arising from something called impact fees. Like sewer tap fees, Defendants charged an impact fee to every person or entity who applied for a residential or commercial building permit.  An impact fee is "a one-time charge to a new connection to the system for the value of that connection in the sense that it results in a reduction of the capacity to serve at a wastewater treatment plant or  a water treatment plant." (Doc. # 74 p.9.)   The Amended Complaint also added the Department of Public Services for the City of Phenix City as a defendant.

Defendants filed a Motion for Summary Judgment on June 12, 2009.  (Doc. # 70.) They seek dismissal of Plaintiffs' claims *in toto*.  Plaintiffs included with their response to the Motion for Summary Judgment a renewed Motion to Remand; they claim evidentiary developments subsequent to the Court's prior Order on the first Motion to Remand support their earlier argument that the sewer tap fees are taxes and show that the impact fees are also

taxes.[3]  Defendants filed a response to the Motion to Remand in which they vigorously

contest Plaintiffs' characterizations of the  sewer tap fees and impact fees as taxes and also

attack Plaintiffs' presentation of the record.  The Motion to Remand is therefore under

submission and ripe for disposition.[4]

## DISCUSSION

### A. Legal Framework

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994);

*Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983).  As

such, federal courts only have the power to hear cases that they have been authorized to hear

by the Constitution and the Congress of the United States.  *Kokkonen*, 511 U.S. at 377.

When a case is originally filed in state court, a party may remove it if the case

originally could have been brought in federal court.  *See* 28 U.S.C. § 1441(a); *Lowery v. Ala.*

*Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 2877 (2008)

(holding that "the party seeking a federal venue must establish the venue's jurisdictional

requirements" and that removing defendants bear that burden in the context of a motion to

remand).  The non-moving party may move for remand, however, which motion the court

---

[3]The impact fees were not added to Plaintiff's claims until after the Court ruled on the first Motion to Remand.

[4]The Motion for Summary Judgment is also under submission, but because of its ruling on the Motion to Remand, the Court does not reach the merits of that Motion.

should grant if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c).  Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

## B. Analysis

The operative legal principles for purposes of this Motion to Remand are the same as they were before.  Under the TIA, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA, when applicable, deprives a federal court of subject matter jurisdiction. *Grace Brethren Church*, 457 U.S. at 408.  Thus, the central issue is whether the sewer tap fees and impact fees are taxes or regulatory fees. If they are taxes, then the TIA deprives the Court of subject matter jurisdiction. If they are regulatory fees, then the Court has subject matter jurisdiction because of the federal constitutional claims. This determination should be made pursuant to federal, and not state, law. *Lightwave Technologies, L.L.C. v. Escambia County*, 43 F. Supp. 2d 1311, 1314 (S.D. Ala. 1999) (citing *Robinson Protective Alarm Co. v. City of Philadelphia*, 581 F. 2d 371 (3d Cir. 1978)).  Courts have made the following distinction between a tax and a regulatory fee:

> A tax is generally a revenue-raising measure, imposed by a legislative body, that allocates revenue to a general fund, and is spent for the benefit of the entire community. A user fee, by contrast, is a payment given in return for a government provided benefit and is tied in some fashion to the payor's use of

the service.

*Id.* (quoting *Folio v. City of Clarksburg*, 134 F.3d 1211 (4th Cir. 1998)). A factor that courts

have considered is whether the assessment provides a benefit to the public, like a general tax,

or whether it defray's the agency's cost of regulating the activity that is the subject of the

assessment. *Id.* at 314-16; *Bidart Bros. v. California Apple Com'n*, 73 F.3d 925, 932 (9th Cir.

1996).

 In support of the Motion to Remand, Plaintiff argue that both the sewer tap fees and

the impact fees are illegal taxes, and their status as taxes deprives this Court of jurisdiction.

In particular, they argue that the fees are taxes because they are not related to the cost of the

service provided by the municipality and because they are used to provide general revenue.

They rely principally upon *Town of Electic v. Mays*, 547 So. 2d 96 (Ala. 1989) and

*Lightwave Technologies, LLC v. Escambia County*, 43 F. Supp. 2d at 1314. Moreover, they

rightly point out that the Court should remand the case unless jurisdiction is "absolutely

clear," *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000)

(Albritton, C.J.), and that Defendants bear the burden of providing absolute clarity in the

context of a motion to remand. *Leonard v. Enterprise Rent-A-Car, et al.*, 279 F. 3d 967, 972

(11th Cir. 2002).

 Defendants oppose the Motion to Remand. They argue that Plaintiffs have

mischaracterized the record and that the sewer tap fees and impact fees are regulatory fees

and not taxes. They rely heavily on the analysis in the Court's prior Order denying the first

Motion to Remand.  In particular, they argue that the sewer tap fees are regulatory fees and not taxes because they are collected and maintained in the Department's account, which is separate from the City's general revenue fund, and that therefore the tap fee benefits inure only to sewer users and not to the public at large. They also argue that the impact fees are not taxes because they are not allocated or used by the City and are used to defray costs related to the sewer system's capital improvements.

In light of the now-developed and voluminous state of the record, the Court cannot be "absolutely certain" that the sewer tap fees and impact fees are regulatory fees and not taxes.  The Court is thus compelled by Eleventh Circuit precedent to remand this case to the Circuit Court of Barbour County for further proceedings.

### A. Sewer Tap Fees

Plaintiffs argue the sewer tap fees are taxes because the City did not tailor them to the expenses they were supposed to offset and used the monies to fund the general operations of the Department of Public Utilities.  Plaintiffs offer *Lightwave* in support of their position. The United States District Court for the Southern District of Alabama in *Lightwave* rejected the defendant county's argument that a right-of-way fee was a regulatory fee and not a "tax under state law" because "concern over maintenance and repairs were the principal motivating factor in imposition of the user fees," but the defendant County did not use the fees for that purpose.  43 F. Supp. 2d at 1314.  The Court in *Lightwave* considered two factors when determining that the assessments in question were taxes: (1) whether the

municipality tailored the amount of the fee to its purported purpose, and (2) whether the revenue from the fee was used for expenditures related to the service for which the fee was assessed. *Id.*

This Court in its prior order stated that "[i]f additional evidence indicates that the sewer tap [fee] was not used to offset the cost of inspection and maintenance of the sewer lines, then the Court may revisit subject matter jurisdiction." (Doc. # 54.)  Plaintiffs have presented such evidence.  First, they present evidence of the incongruence between the City's claim that the fees were intended to offset the costs of actually making the sewer tap and the City's practice of charging this fee even in pre-stubbed neighborhoods, where the builder and not the City actually makes the connection.[5]  In response, the City claims that the sewer tap fees were collected to offset costs of maintaining, inspecting, and televising sewer lines; but Plaintiffs present evidence that the City's Building Department conducts inspections of the sewer lines.  Defendants admit that the Building Department inspections occur, but claim that the Department conducts inspections and maintenance too.  Plaintiffs respond with evidence that the Department is compensated for any inspection expenses when the builder deeds the sewer lines to the City.  Finally, Plaintiffs point out that the amount of the sewer tap

───────────────

[5]Plaintiffs raise the statements of the City's attorney, who once hoped that by charging a sewer tap fee in pre-stubbed neighborhoods the City was not "charging the Plaintiffs for something the City does not do."  The City's fee consultant also wrote a letter stating: "we did agree that it was inappropriate for the Department of Public Utilities to charge a developer for a sewer tap fee on pre-stubbed and developed lots because it is he who incurs a cost that would otherwise have been borne by the Department of Public Works."

assessment was never calculated to accurately reflect the cost of either tapping the sewer lines or inspecting and maintaining those lines.  As the Court foresaw in its prior Opinion, there are now substantial uncertainties about whether the sewer tap fees are taxes or regulatory fees.  Thus, as in many cases when the parties clash over the question of jurisdiction, this uncertainty requires remand of the claims arising from allegedly wrongfully assessed sewer tap fees.[6]

## B. Impact Fees

The Parties also clash about whether the impact fees are taxes or regulatory fees. Plaintiffs make similar arguments about why the impact fees are taxes as they made about the sewer tap fees.  They argue that the amount of the impact fee is not related to the purported purpose, i.e. to offset the reduction in capacity, because the City did not attempt to tie the fee amount to the diminution in available capacity when setting the rates. Specifically, the City imposed the original $1,000.00 fee without study, and imposed the later $1,750.00 fee as the result of an upward departure from a number recommended by its fee consultant "off the top of his head," rather than by calculating the actual reduction in capacity represented by one additional connection.  Moreover, they present evidence that the fees are used for general purposes,  and might have been initially adopted to pay for a specific project known as the "Mill Creek outfall."  In particular, they point to testimony of a fee consultant

---

[6]The Court expresses no opinion on the ultimate issue of whether the sewer tap fees are taxes or regulatory fees.

for the City, and others, that indicates that the Department experienced revenue shortfalls and that impact fees were a method to offset the shortfalls when the City did not want to raise user fees.  Defendants point to the consultant's testimony that the increase in revenue from impact fees would have been immaterial relative to the total revenue requirements.  Plaintiffs raise the statement of the former City Utilities director that the impact fees were used "wherever needed" in the Department, and only later was a separate capital outlay fund established into which the Department would place the assessed impact fees.  In light of the evidence Plaintiffs present of the City's failure to calibrate the amount of the fee to the diminution in capacity, together with the evidence that impact fees were used for purposes other than capital investment or recoupment, the Court finds that Defendants have failed to meet their burden of showing that the impact fees are not taxes.  Thus, these claims are due to be remanded.[7]

Finally, the Court notes that remand serves the policy purposes underlying the TIA by allowing the State of Alabama and its constituent municipalities to handle for themselves management of the public treasury. Whether a particular exaction is a tax under the TIA is a question of federal law, to be determined in accordance with the congressional policies underlying the Act. *Lightwave*, 43 F. Supp. 2d at 1314 (citing *Robinson*, 581 F.2d at 371). That policy is: "to promote comity and to afford the states the broadest independence,

---

[7]The Court expresses no opinion on the ultimate issue of whether the assessment fees are taxes or regulatory fees.

consistent with the federal constitution, in the administration of their affairs, particularly revenue raising." *Id.* (quoting *Wright v. McClain*, 835 F.2d 143, 144 (6th Cir. 1987)); *see also Robinson*, 581 F. 2d at 375 ("Congress intended that the Tax Injunction Act be uniformly applied, consistent with the principles of federalism, comity and non-interference with state fiscal affairs embodied in the Act.").  Thus, the Court refuses to apply a hyper-technical test distinguishing between taxes and regulatory fees given the uncertainty in this case, because the principles of federalism and comity that undergird the TIA counsel remand. The State, the City, and the plaintiffs should be able to work out amongst themselves these matters of revenue raising and public utility maintenance without a federal court intermeddling.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1.      The Motion for Leave to File Reply to Defendants' Opposition to Remand (Doc. # 84) is DENIED.

2.      The Motion to Remand (Doc. # 74) is GRANTED.

3.      This case is REMANDED to the Circuit Court of Russell County, Alabama.

4.      The Clerk is DIRECTED to take appropriate steps to effect the remand.

5.      Any other pending motions are left for resolution by the state court.

DONE this the 20th day of August, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE
